UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81244-CIV-MARRA

RITCHIE TERRELL,

Plaintiff,

vs.

DIRECTV, LLC, a California limited liability
company, and AT&T Corp., a New York
corporation,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant AT & T Corp. and DIRECTV, LLC's Motion to Dismiss Plaintiff's Amended Complaint (DE 10). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I. Background

On November 9, 2012, Defendants AT & T Corp. ("AT & T") and DIRECTV, LLC ("DIRECTV") (collectively, Defendants) filed a Notice of Removal of Plaintiff Ritchie Terrell's ("Plaintiff") Amended Complaint filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County. (Notice of Removal, DE 1; Am. Compl., DE 1-4.) Plaintiff, who is proceeding *pro se*, filed a 24-page Amended Complaint, with 32 pages of exhibits, seeking $100,000.00. There are 12 separately labeled counts that appear to be brought under the Florida Deceptive and Unfair Trade Practices Act, Florida Statute § 501.201 et seq. ("FDUTPA").

II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Rule 12(e) permits a party to move for a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). If a pleading "fails to specify the allegations in a manner that provides sufficient notice" or does not contain enough information to

allow a responsive pleading to be framed, the proper motion to be filed is a motion for a more definite statement. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Sisk v. Texas Parks & Wildlife Dep't, 644 F.2d 1056, 1059 (5th Cir. 1981).[1] The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail. Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993).

Courts typically grant motions under Rule 12(e) for "shotgun" pleadings, in which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Bd. of Tr. of Cent. Florida Cmty Coll., 77 F.3d 364, 366 (11th Cir. 1996). Plaintiff has the burden to provide defendant with a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). As explained by another court, "[t]he claim of the plaintiff in his complaint is sufficiently definite to enable the defendant to know with what it is charged, and it is reasonably able therefrom to respond whether it did the thing charged." Dennis v. Begley Drug Co. of Tennessee, Inc., 53 F.R.D. 608, 609 (E.D. Tenn. 1971). However, a pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it. Such detail should not be left to discovery, for the "purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists." Stoner v. Walsh, 772 F. Supp. 790, 800 (S.D.N.Y. 1991).

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit. Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

III. Discussion

After careful review of the Complaint, the Court concludes that it is a "shotgun" pleading and must be re-pled. See Anderson, 77 F.3d at 366. It is not a "short and plain statement of the claims" as mandated by Rule 8 of the Federal Rules of Civil Procedure. Nor does it comply with Rule 10(b) which instructs parties to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . ." Fed. R. Civ. P. 10(b). In Anderson, the Court, concerned with the ramifications of cases proceeding on the basis of "shotgun" pleadings, noted:

> Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

Id. at 366-67; see Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996).

There are 12 counts in the Amended Complaint, but they are not numbered consecutively. Furthermore, it appears that Plaintiff has merged several different complaints into one, one brought against both Defendants and two complaints brought against each Defendant. While all the counts read as if they are brought pursuant to FDUPTA, numerous other statutes are referred to, including RICO and Florida's Telemarketing Act (Am. Compl. pgs. 3, 18-19.) While the Amended Complaint appears to be a FDUTPA claim, it is repetitive and rambling at times. Several counts appear to be cut-off mid-count. (Am Compl. pgs. 18-21, 24, 26.) Moreover, specific facts are not related to specific counts and the allegations are not consecutively numbered nor organized. Hence, Plaintiff is directed to plead each legal claim in a separate count with special attention paid to each element of each count. Although other numbered paragraphs may be incorporated by reference, this must be done with particular care so that only

relevant paragraphs are referenced.  Each count must state with specificity both the factual and legal basis for the claim it sets forth.  Finally, several of the numerous exhibits attached to the Complaint provide unnecessary copies of statutes and regulations and should not be attached to any amended pleading.

Next, Defendants correctly point out that the Amended Complaint appears to seek damages not cognizable under FDUTPA.  Simply put, Plaintiff must allege actual damages, which are defined as "'the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract of the parties.'" Rollins, Inc. v. Heller, 454 So. 2d 580, 585 (Fla. Dist. Ct. App. 1984) (quoting Raye v. Fred Oakley Motors Inc., 646 S.W.2d 288, 290 (Tex. Ct. App. 1983); see Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati, 715 So. 2d 311, 314–15 (Fla. Dist. Ct. App. 1998).  "[T]he term 'actual damages' does not include special or consequential damages." Rodriguez v. Recovery Performance & Marine, LLC, 38 So. 3d 178, 180 (Fla. Dist. Ct . App. 2010); see Rollins, 951 So. 2d at 869 ("under FDUTPA, 'actual damages' do not include consequential damages"). Lastly, the plain language of the FDUTPA expressly prohibits claims for personal injuries. See Florida Statutes § 501.212(3); see also Taviere v. Precision Motor Cars, Inc., No. 8:09–cv–467–T–TBM, 2010 WL 557347, at * 5 (M.D. Fla. Feb. 12, 2010) (dismissing claim under FDUTPA because plaintiff alleged damages relating to stress, anxiety and depression and FDUTPA bars claims for personal injuries); Jones v. TT of Longwood, Inc., No. 6:06–cv–651–Orl–19DAB, 2007 WL 2298020, at * 7 (M.D. Fla. 2007) (dismissing claim under FDUTPA because "[s]ubjective feelings of disappointment are insufficient to form a basis for actual damages under the statute"); T.W.M. v. American Medical

Sys., Inc., 886 F. Supp. 842, 844 (N.D. Fla.1995) (dismissing claim under FDUTPA where plaintiff alleged pain, suffering and loss of earnings because FDUTPA "explicitly states that it does not apply to '[a] claim for personal injury or death or a claim for damage to property other than the property that is the subject of the consumer transaction'"). Plaintiff has improperly alleged claims for damages relating to mental anguish, lost profits and loss of information on his computer system. (Am. Compl. pgs. 21-22, 26.) To the extent that Plaintiff is arguing that the alleged unauthorized withdrawal of funds constitute permissible damages, the Court notes that the Amended Complaint also states that the money was returned to him. (Id. at pgs. 7-8.) In amending the pleading, Plaintiff should not raise any damage claims pursuant to FDUPTA that do not meet the requirement of actual damages. [2]

The Court hopes that by granting Plaintiff leave to amend his Amended Complaint with these directives in mind, Plaintiff will be able to conform his Amended Complaint in line with the dictates of Rules 8 and 10(b) of the Federal Rules of Civil Procedure.

### IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (DE 10) is **GRANTED.** Plaintiff is granted leave to

---

[2] Plaintiff's response memorandum contains a "prayer for relief," seeking an "award [of] compensation to Plaintiff under common law, Federal laws and statutes alleged herein, and any other compensation provided under relevant laws." (Resp. at 10.) While the Court will permit Plaintiff leave to amend the Complaint should he want to include additional claims, the Court cannot serve as de facto counsel or rewrite a deficient pleading to include claims for relief that Plaintiff has not brought. GJR Investments, Inc., v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds, Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).

amend pursuant to this Order's directives.  Plaintiff shall file his amended complaint **no later than March 1, 2013.**

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of February, 2013.

                                                  KENNETH A. MARRA
                                                  United States District Judge