UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81244-CIV-MARRA

RITCHIE TERRELL,

Plaintiff,

vs.

DIRECTV, LLC, a California limited liability
company, and AT&T Corp., a New York
corporation,

Defendant.
_____/

**OPINION AND ORDER**[1]

This cause is before the Court upon Defendant AT & T Corp. and DIRECTV, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (DE 18). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On February 6, 2013, the Court dismissed Plaintiff's Amended Complaint and granted Plaintiff leave to amend to correct numerous pleading deficiencies. Plaintiff, who is proceeding pro se, has now filed a Second Amended Complaint ("SAC"). (DE 17.) The SAC has several headers labeled "first defense" and "second defense" as well as three counts. These counts are: "bait and switch fraud" (count one); "breaching a contract" (count two) and "unauthorized withdrawal fraud" (count three).

Defendants move to dismiss on the following grounds: (1) count one does not state a

---

[1] The Court presumes familiarity with its prior Orders.

claim for fraud or comply with Rule 9(b)'s pleading requirement; (2) the breach of contract claim fails to identify a contract and (3) the SAC fails to allege the elements of a claim under Fair Debt Collection Practices Act.

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

The Court begins its discussion by noting that, although the SAC is less disorganized and shorter than the Amended Complaint, it still lacks the necessary clarity to put Defendants on notice of the claims against them.  For example, it is unclear what the purpose is for the headings "first defense" and "second defense" and the paragraphs that follow those headings. Likewise, the three counts do not incorporate any of the factual allegations contained in the SAC. Finally, the counts do not identify against which Defendant they are brought.

Count one is labeled "bait and switch fraud."  Plaintiff alleges that he saw an advertisement for a "bundle package of $49.95 monthly," but this price was not honored. (SAC ¶ ¶ 1, 10.)  Simply put, these allegations are inadequate to plead fraud.  At the very least, a claim rooted in fraud must satisfy Rule 9(b) of the Federal Rules of Civil Procedure.

Rule 9(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  This Rule "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged  and protecting defendants against spurious charges of immoral and fraudulent behavior." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997) (quoting Durham v. Business Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)) (internal quotation marks omitted). This Rule is satisfied if the complaint sets forth (1) the exact statements or omissions made; (2) the time and place of each such statement and who made the statement or omission; (3) the substance of the statement and how it misled the plaintiff and (4) the defendants' gain due to the alleged fraud. Id. at 1371.

Here, the SAC fails to allege where the advertisement appeared, the full content of the advertisement and which Defendant is responsible for the advertisement. See Jovine v. Abbott Laboratories, Inc., 795 F. Supp. 2d 1331, 1343 n.9 (S.D. Fla. 2011) (finding the complaint did not comply with Rule 9(b) when the fraud count failed to allege where or when the plaintiff saw the advertisement); Haskin v. R.J. Reynolds Tobacco Co., 995 F. Supp. 1437 (M.D. Fla. 1998) (the complaint failed to plead fraud properly when it did not differentiate between defendants). For this reason, count one is dismissed

Equally problematic is Plaintiff's claim for breach of contract. A breach of contract claim requires Plaintiff to identify the terms of the contract, how Defendants breached those terms and the damages resulting from the breach. See Rollins, Inc. v. Butland, 951 So.2d 860, 876 (Fla. Dist. Ct. App. 2006) (elements of a breach of contract claim).  Here, the Court cannot discern how the facts alleged relate to any specific contractual obligation of any particular Defendant. Nor has Plaintiff clearly defined the relationship between himself and each Defendant, the specific contractual provisions that relate to each Defendant and the alleged wrongful acts committed by each Defendant.  Cf. Textiles Morales, S.A. de C.V. v. Green Paradigm Partners, LLC, No. 8:10–cv–2298–T–30EAJ, 2011 WL 2881666, at * 2 (M.D. Fla. July 19, 2011) (merely alleging the existence of a contract and stating that it was "breached" would be inadequate under Iqbal ). Instead, Plaintiff has merely stated that an unauthorized withdrawal occurred from his bank account by a non-Defendant who allegedly was given that account information by DIRECTV.  These allegations, however, fail to state a claim for breach of contract.  Thus, count two is dismissed.

Finally, the claim labeled "unauthorized withdrawal fraud," which purports to proceed

4

under the Fair Debt Collection Practices Act ("FDCPA"), fares no better.  In order to prevail on a FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector as defined by the FDCPA and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  Sans v. Fernandez, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009); Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).  The SAC does not make any allegations that support any element of this cause of action.  Instead, this count merely states that there was an unauthorized withdrawal from Plaintiff's bank account after services had been discontinued and when Plaintiff owed no money.  Significantly, by alleging that no money was owed, neither Defendant can qualify as a "debt collector" under the FDCPA.  See Eke v. FirstBank Florida, 779 F. Supp. 2d 1354, 1357 (S.D. Fla. 2011) (quoting  Belin v. Litton Loan Servicing, LP, No. 8:06-cv-760-T-24 EAJ, 2006 WL 1992410, at *2 (M.D. Fla. Jul. 14, 2006)) ("a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." ).

When a complaint fails to state a claim for relief, a district court may grant leave to amend subject to reasonable conditions and limitations. Garfield v. NDC Health Corp., 466 F.3d 1255, 1270-71 (11th Cir. 2006).  However, even the leniency afforded *pro se* litigants cannot extend *ad infinitum*. See Anderson v. Vanguard Car Rental USA, Inc., 304 F. App'x 830, 832 (11th Cir. 2008); GJR Inv., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds, Iqbal, 129 S. Ct at 1950; Lampkin-Asam v. Volusia County School Bd., 261 F. App'x 274, 276 (11th Cir.2008) (dismissing *pro se* plaintiff's second amended complaint, with prejudice, for being a "labyrinth of claims, counts, accusations and repetition.").

A district court need not allow an amendment: 1) where there has been undue delay . . . or repeated failure to cure deficiencies by amendments previously allowed; 2) where allowing amendment would cause undue prejudice to the opposing party; or 3) where amendment would be futile. Anderson, 304 F. App'x at 832 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)); accord Jeremiah v. Burnette, 297 F. App'x 854, 855 (11th Cir. 2008) (holding that a district court may properly deny a *pro se* plaintiff leave to amend when such amendment would be futile.) (citing Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).[2]

In the instant case, Plaintiff has had ample opportunity to amend. In total, Plaintiff has filed three separate complaints in attempt to state a claim, and has failed to do so. It is apparent that permitting an additional opportunity to amend would be futile.   Additionally, it is established that the Court need not allow amendment where it would cause undue prejudice to Defendants.  At this point, the Court concludes that allowing future amendment would cause Defendants undue prejudice.

IV. Conclusion

Defendant AT & T Corp. and DIRECTV, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (DE 18) is **GRANTED.** Plaintiff's Second Amended Complaint is **DISMISSED WITH PREJUDICE**.  The clerk shall **CLOSE** this case and all pending motions

---

[2] Plaintiff's response memorandum includes numerous exhibits and evidence he wishes the Court to consider.  The Court's review on a motion to dismiss is limited to the four corners of the complaint. See Valdes v. Fisher Safety, No. 12–60034–CIV, 2012 WL 1405685, at * 2 (S.D. Fla. Apr.23, 2012) (citing St. George v. Pinellas County, 285 F. 3d 1334, 1337 (11th Cir. 2002). Plaintiff also filed a document labeled "Amended Complaint Plaintiff's Response to Defendant's Motion to Dismiss with Prejudice" which appears to be a sur-reply. (DE 25.)  Plaintiff did not seek prior leave to file the sur-reply in violation of Local Rule 7.1(c).

are **DENIED AS MOOT.**  The Court shall separately issue a final judgment in favor of Defendants.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of July, 2013.

                                                      KENNETH A. MARRA
                                                      United States District Judge